UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROSEMARIE HUGHES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:16-cv-00023-SLC |
| COMMISSIONER OF SOCIAL SECURITY, *sued as Nancy A. Berryhill, Acting Commissioner of Social Security*,[1] | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Rosemarie Hughes's motion for an extension of time to file a motion to recover attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, together with a proposed petition for attorney fees under the EAJA and supporting documents. (DE 21 through DE 21-2). Defendant Commissioner of Social Security ("Commissioner") contends that Hughes's motion for an extension of time was not timely and should be denied. (DE 22). Hughes filed a reply (DE 23), and the motion is now ripe for ruling.

For the following reasons, Hughes's motion for an extension of time to file a motion for attorney fees under the EAJA will be DENIED.

*A. Background*

On January 21, 2016, Hughes brought this action to review the decision of the Commissioner regarding the denial of disability benefits. (DE 1). On March 29, 2018, this Court entered an Opinion and Order reversing the Commissioner's decision and remanding the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

case to the Commissioner for further proceedings. (DE 19). That same day, the Clerk entered a judgment in Hughes's favor. (DE 20).

On July 2, 2018, Hughes, through her attorney Adriana de la Torre ("Attorney de la Torre"), filed a motion requesting that the Court extend the deadline for Hughes to file a motion for attorney fees under the EAJA, and acknowledging that the deadline to file a motion for EAJA fees passed on June 27, 2018.[2] (DE 21). The parties disagree over whether the Court should grant Hughes's motion to extend the deadline to file a motion for EAJA fees, even though the motion was filed after the deadline had passed.

*B. Analysis*

"A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United States or agency was not substantially justified." *Miller v. Colvin*, No. 3:11-CV-109-TLS, 2014 WL 2435538, at *1 (N.D. Ind. May 29, 2014) (citing 28 U.S.C. § 2412(d)(1)(B)). An application for attorney fees under the EAJA is considered timely if it is submitted within 30 days of final judgment in an action. 28 U.S.C. § 2412(d)(1)(B). "A judgment is considered a 'final judgment' when it is 'final and not appealable.'" *Miller*, 2014 WL 2435538, at *2 (quoting 28 U.S.C. § 2412(d)(2)(G)); *see Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Where the Social Security Administration is a party, a case is not appealable once the 60 days for filing an appeal has expired. Fed. R. App. P. 4(a)(1)(B)(ii). "In a Social Security case remanded under sentence four of 42 U.S.C. § 405(g), the appeal period for purposes of the EAJA begins upon entry of the final judgment by the district court." *Miller*, 2014 WL 2435538, at *2 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102

---

[2] The parties do not dispute that a motion for EAJA fees was due on June 27, 2018.

(1991)). "[T]his typically gives a claimant a total of ninety days to file an EAJA application after the district court enters judgment." *Olvey v. Colvin*, No. 1:14-CV-00901-TWP, 2015 WL 5672622, at *3 (S.D. Ind. Sept. 25, 2015) (citation omitted).

"In the social security context, a court applies traditional equitable tolling principles." *Criss v. Berryhill*, No. 16 C 2348, 2017 WL 3430578, at *2 (N.D. Ill. Aug. 9, 2017) (citing *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007)). Equitable tolling permits courts to deem filings timely where a litigant shows that she has been pursuing her rights diligently but was prevented from filing within the statute of limitations due to extraordinary circumstances. *Id.* at *2 (citations omitted); *Miller*, 2014 WL 2435538, at *3 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). Thus, "[e]quitable tolling is only appropriate in rare and exceptional circumstances." *Criss*, 2017 WL 3430578, at *2 (citations and internal quotation marks omitted). Garden variety claims of excusable neglect do not justify equitable tolling. *Miller*, 2014 WL 2435538, at *3 (citation omitted).

Hughes contends that the Court should grant the instant motion because her five-day delay in filing was due to excusable neglect. Specifically, Attorney de la Torre represents that she inadvertently miscalculated the deadline for filing a motion for EAJA fees. (DE 21 ¶ 6). Relying on *Olvey*, 2015 WL 5672622, Hughes argues that excusable neglect with regard to the untimeliness of the motion to extend is not a bar to adjudication.

The Commissioner argues that Hughes is actually asking the Court to apply equitable tolling to the EAJA deadline. According to the Commissioner, because Hughes's late filing was the result of Attorney de la Torre's calendaring error, which courts have repeatedly declined to be an acceptable reason to apply equitable tolling, the Court should deny Hughes's request for extension.

The Commissioner's argument is persuasive. Hughes mistakenly relies on *Olvey* in arguing that the Court should equitably toll the statute of limitations in this case. There, Mr. Olvey's attorney filed a motion for an extension of time to file a motion for EAJA fees after the deadline, and the court granted the motion without opposition from the Commissioner. *Olvey*, 2015 WL 5672622, at *3. Later, when litigating Mr. Olvey's application for EAJA fees, the Commissioner argued that the application was not timely because the motion for an extension was filed after the deadline. *Id.* Notably, the court in *Olvey* did not find that equitable tolling or any other circumstance justified tolling the statute of limitations. *Id.* Rather, the court was "concerned that Mr. Olvey's attorney failed to recognize and meet the deadline for the EAJA application. Indeed, when looking closer at Mr. Olvey's briefs, it appears that Mr. Olvey's attorney may have been confused regarding the appropriate deadline . . . ." *Id.* "Nevertheless, . . . [the] Court [had] already granted Mr. Olvey's motion for extension of time, allowing his attorney to file his EAJA application that same day. Necessarily, then, [the] Court consider[ed] Mr. Olvey's EAJA application timely filed." *Id.* Thus, the Court in *Olvey* did not consider the merits of Mr. Olvey's request for extension of time.

Here, the parties dispute the merits of Hughes's request for an extension of time. Hughes represents that Attorney de la Torre "inadvertently calculated the deadline in which to file the EAJA Petition. [Attorney de la Torre] inadvertently docketed June 27, 2018, as the date for commencing discussion with counsel for the Commissioner about the EAJA fee to be requested, rather than the deadline by which the formal EAJA petition must be filed." (DE 21 ¶ 6).

Thus, on the merits, Hughes is requesting that the Court apply equitable tolling to the statute of limitations due to a mere error in calculating the deadline for a motion for EAJA fees. However, miscalculating the deadline is not the result of an "extraordinary circumstance beyond

4

[Attorney de la Torre's] control." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 50 (6th Cir. 2008) (citation omitted). Neither is this "a situation where the parties were exchanging proposals and counter-proposals down to the wire, and one party delayed filing a motion so as not to disrupt the settlement process." *Criss*, 2017 WL 3430578, at *3. Rather, this is a "garden variety" claim of "excusable neglect," which does not warrant equitable tolling. *Miller*, 2014 WL 2435538, at *3.

## C. Conclusion

For the foregoing reasons, Hughes's motion for an extension of time to file a motion for EAJA fees (DE 21) is DENIED.

SO ORDERED.

Entered this 6th day of August 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge