UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROSEMARIE HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-cv-00023-SLC |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, *sued as Nancy A. Berryhill*, ) | |
| *Acting Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Rosemarie Hughes brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On March 29, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 19).

Hughes's attorney, Adriana de la Torre ("Attorney de la Torre"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $16,765.63 for her representation of Hughes in federal court. (DE 26; DE 27). For the following reasons, Attorney de la Torre's motion for attorney fees will be GRANTED, subject to an offset explained herein that will reduce her fee award to $8,498.41.

### A. Background

In July 2018, Attorney de la Torre, on behalf of Hughes, moved for an extension of time to file a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

2412.  (DE 21).  Attorney de la Torre attached a proposed EAJA petition to the motion in which she requested a total award of $8,267.22 ($7,847 in fees and $420.22 in costs).  (DE 21-1 at 2).  The Court ultimately denied the motion for an extension of time, and Attorney de la Torre did not recover any EAJA fees.  (DE 25).

On March 4, 2019, the Commissioner sent Hughes a "Notice of Award," indicating that she was found disabled and entitled to past-due benefits in the amount of $91,062.50.  (DE 26-1).  On March 7, 2019, Attorney de la Torre filed a motion pursuant to 42 U.S.C. § 406(b), together with supporting documentation, for the Court's authorization of attorney fees in the amount of $16,765.63 for her representation of Hughes in federal court.  (DE 26).

The Commissioner filed a response indicating that Attorney de la Torre is entitled to fees under § 406(b), but that the award should be offset by $8,267.22 (the amount that Attorney de la Torre requested in her proposed EAJA petition).  (DE 28).  The Commissioner contends that if Attorney de la Torre had timely filed a petition for EAJA fees, then she would have recovered those fees from the Social Security Administration.  However, because Attorney de la Torre's attempt to file an EAJA petition was unsuccessful, she now seeks the $8,267.22 in a § 406(b) award, which is paid out of Hughes's past-due benefits.  Therefore, the Commissioner argues, an offset of $8,267.22 is necessary to prevent an award under § 406(b) from prejudicing Hughes.

### B.  Discussion

1. <u>Reasonableness</u>

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-94 (2002).  Section 406(a) controls fees for representation in administrative proceedings, and § 406(b)

controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under sections 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

The Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

The Court is charged with determining whether Attorney de la Torre's requested fee of

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

$16,765.63 under the contingent fee agreement[4] (DE 26-2) and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Hughes's] total past-due benefits," 42 U.S.C. § 406(b)(1)(A). Here, because the Commissioner's Notice of Award states that $22,765.63 represents 25 percent of Hughes's past-due benefits (DE 26-1 at 4), the Court is satisfied that Attorney de la Torre's fee request does not run afoul of 42 U.S.C. § 406(b)(1)(A).

Attorney de la Torre contends that her requested fee award of $16,765.63 is reasonable for the 41.3 hours she spent representing Hughes in federal court. She emphasizes that she achieved a favorable result for Hughes and that the requested fee is in alignment with awards granted in other cases in this district. (DE 27).

Attorney de la Torre did obtain a good result for Hughes. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). Having said that, this case was not particularly complex, as Attorney de la Torre presented just one routine argument on appeal. *See Wattles v. Comm'r of Soc. Sec.*, No. 10-2108, 2012 WL 169967, at *2 (C.D. Ill. Jan. 18, 2012) ("In determining the reasonableness of the fee, the court must consider multiple factors, including . . . skill required . . . ." (citation omitted)); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) ("This was not an instance in which counsel simply filed boilerplate pleadings then demanded a full 25% fee." (citing *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989)).

The Court further notes that Attorney de la Torre requested and received only one 28-day

---

[4] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht*, 535 U.S. at 800.

extension during the briefing process.[5]  (DE 12; DE 13).  Thus, Attorney de la Torre did not contribute to any unreasonable delay in this case.  *See Gisbrecht*, 535 U.S. at 808.

Attorney de la Torre's requested fee of $16,765.63 divided by the 41.3 hours she spent on the case in federal court equates to an effective rate of 405.94 per hour.[6]  As such, Attorney de la Torre's requested fee equates to an effective rate that is well within the range of awards typically approved by this Court.  *See, e.g.*, *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to [her] attorney's endeavors before the district court, then that attorney should reap the benefit of [her] work— even if [s]he managed to accomplish a great deal in a small window of time."  *Jeter*, 622 F.3d at 381.  Attorney de la Torre has made a convincing case that the favorable result she achieved for Hughes was due to her effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney."  *Id.* (citing *Gisbrecht*, 535 U.S. at 808).  Therefore, Attorney de la Torre's fee request appears to be reasonable.

---

[5] The Commissioner requested and received a 28-day extension as well.  (DE 15; DE 16).

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable."  *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute the basis for an 'unreasonable' finding.").  Attorney de la Torre argued in her supporting memorandum that her requested effective hourly rate is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Attorney de la Torre's argument concerning her proposed effective rate and considering it as one factor in the analysis.  *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

2. Offset

Next, the Court turns to the issue of whether Attorney de la Torre's § 406(b) award should be offset by the amount she requested in her proposed EAJA petition. For the reasons discussed below, the Court will offset Attorney de la Torre's award by $8,267.22.

Generally, when a claimant appeals a final decision of the Commissioner to a court and prevails, the claimant may move for attorney's fees under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (citation omitted). "EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award." *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). The EAJA fees belong to the plaintiff, who often assigns them to her attorney. *Horton v. Comm'r of Soc. Sec.*, No. 2:14-CV-00083, 2018 WL 4701588, at *1 (M.D. Tenn. Oct. 1, 2018) (citation omitted).

Then, if the plaintiff receives a favorable decision upon remand to the Commissioner, the claimant's attorney is eligible to receive fees under § 406. Unlike an EAJA award, an award under § 406 is paid directly to the attorney out of the claimant's past-due benefits. *Gisbrecht*, 535 U.S. at 796; *see Horton*, 2018 WL 4701588, at *1; *Shepherd v. Apfel*, 981 F. Supp. 1188, 1193 (S.D. Iowa 1997). The bifurcated structure of § 406 allows an attorney to recover fees for two types of representation: § 406(a) permits the recovery of fees for work done at the administrative level, and § 406(b) permits the recovery of fees for work done in federal court. Fees under § 406(a) are capped "at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000." *Culbertson*, 139 S. Ct. at 520. Fees under § 406(b) are capped at 25 percent of past-due benefits. *Id*.

If an attorney receives fees under the EAJA and under § 406, then the attorney must refund the lower award to the plaintiff. *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made

6

under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.  Thus, an EAJA award offsets an award under section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (alterations in original) (internal citations and quotation marks omitted)); *see Blanton v. Berryhill*, No. 3:15-CV-44-RLM, 2018 WL 3373506, at *3 (N.D. Ind. July 10, 2018) ("Fee awards can be made under both the Equal Access to Justice Act and § 406(b), but the claimant's attorney must refund the amount of the smaller fee.").

Because of this fee-setting structure, an attorney creates a conflict of interest when she only seeks payment under § 406(b) and does not attempt to recover fees under the EAJA.  *Jones v. Comm'r of Soc. Sec.*, No. 1:14-CV-748, 2017 WL 1745569, at *4 (S.D. Ohio May 4, 2017) (citation omitted); *see Shepherd*, 981 F. Supp. at 1192 ("Nowhere is there a greater conflict of interest involved than in the fee-settings involved in Social Security disability matters, especially when an attorney *only* seeks payment from [her] client and does not attempt to shift fee payment to the government." (emphasis in original)); *Taylor v. Heckler*, 608 F. Supp. 1255, 1259 (D.N.J. 1985) ("The court believes that more frequent invocation of the EAJA will have an additional salutary effect: it will ameliorate the conflict of interest between attorney and client.").  In light of this conflict of interest, district courts have "either reduced the [§ 406(b)] award by the amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services."  *Allen v. Comm'r of Soc. Sec.*, No. 10 CIV. 0068 LAP FM, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012), *R. & R. adopted*, No. 10 CIV. 0068 LAP FM, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013) (citations omitted); *see also Horton*, 2018 WL 4701588, at *1 (citation omitted); *Wolfe v. Colvin*, No. CV 14-11397, 2016

WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016), *R. & R. adopted sub nom. Wolfe v. Comm'r of Soc. Sec.*, No. 14-11397, 2017 WL 467495 (E.D. Mich. Feb. 3, 2017) (citation omitted); *Geertgens v. Colvin*, No. 13 CIV. 5133 (JCF), 2016 WL 1070845, at *5 (S.D.N.Y. Mar. 15, 2016); *Kocan v. Colvin*, No. 214CV01058JADNJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *R. & R. adopted*, No. 214CV01058JADNJK, 2016 WL 884886 (D. Nev. Mar. 7, 2016); *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1034 (D. Neb. 2009).

Here, Attorney de la Torre submitted a petition for an EAJA fee award five days after the deadline to do so. (DE 21). Attached to the motion, she submitted a proposed EAJA petition requesting an award of $8,267.22 for 41.3 hours of work. (DE 21-1). The Commissioner objected that Attorney de la Torre was requesting the Court to apply the doctrine of equitable tolling. (DE 22). The Court found the Commissioner's arguments persuasive and denied the motion for an extension of time to file a petition for EAJA fees. (DE 25).

Now, the Commissioner argues that because of Attorney de la Torre's failure to submit a timely petition for EAJA fees, the Court should deduct the amount she would have received from an EAJA fee award from her § 406(b) award. Attorney de la Torre responds that the Court should award her the full amount she requests under § 406(b) because: (1) the Commissioner does not cite any cases decided by courts within the Seventh Circuit Court of Appeals in support of its argument; (2) a recent Supreme Court decision supersedes the cases cited by the Commissioner; (3) the cases the Commissioner cites are distinguishable from this case; (4) the requested 406(b) award includes a self-imposed offset of $6,000, representing fees that Attorney de la Torre would have recovered in a successful EAJA fee petition; and (5) even if her proposed EAJA petition was timely, Attorney de la Torre may not have recovered the entire amount that she requested therein.

8

First, Attorney de la Torre is correct that the Commissioner relies on cases decided by district courts outside of the Seventh Circuit. However, this appears to be because no court within the Seventh Circuit has confronted the instant issue. Thus, contrary to Attorney de la Torre's argument, the Commissioner's failure to cite a case decided by a court within the Seventh Circuit is not fatal.

Second, Attorney de la Torre argues that the Supreme Court's decision in *Culbertson* overrules the cases cited by the Commissioner insofar as they support offsetting a § 406(b) award by the amount requested in an EAJA award. Attorney de la Torre is mistaken. *Culbertson* addressed "whether the statutory scheme [of sections 406(a) and (b)] limits the aggregate amount of fees for both stages of representation to 25% of the claimant's past-due benefits." 139 S. Ct. at 519. Ultimately, the Court concluded that "agency representation in § 406(a) and court representation in § 406(b), contain[] separate caps on fees for each type of representation, and authorize[] two pools of withheld benefits." *Id*. at 523. In other words, *Culbertson* decided how awards under sections 406(a) and (b) affect each other. *Id*.

Conversely, the cases cited by the Commissioner address the relationship between an EAJA award and 406(b), and specifically, how the failure to obtain or timely seek an award under the EAJA affects an award under § 406(b). *See, e.g.*, *Horton*, 2018 WL 4701588, at *1; *Jones*, 2017 WL 1745569, at *4. Because the cases cited by the Commissioner address issues that are not affected by the Supreme Court's decision in *Culbertson*, the Court rejects Attorney de la Torre's argument that *Culbertson* overrules the cases cited by the Commissioner.

Third, Attorney de la Torre argues that the cases cited by the Commissioner are distinguishable from this case, and therefore, not applicable. The Court disagrees. For example, Attorney de la Torre argues that *Wolfe* is distinguishable from this case because in *Wolfe* the

9

attorney did not attempt to file a motion for an EAJA award, triggering an offset in determining the attorney's § 406(b) award. 2016 WL 7650793, at *1. In contrast, Attorney de la Torre attempted to file a motion for EAJA fees by attaching a proposed EAJA petition to her motion for an extension of time. However, in *Wolfe*, the Eastern District of Michigan did not indicate that its analysis would have differed had the attorney attempted to file an EAJA petition. Rather, the court stated that the purpose of the offset was to protect the plaintiff from being penalized for his counsel's failure to file a motion for EAJA fees. *Id.* at *2 (citations omitted). Similarly, the purpose of an offset in this case is to protect Hughes from being penalized for Attorney de la Torre's failure to file a timely petition for EAJA fees.

Furthermore, the Court finds the Southern District of New York's analysis in *Allen* helpful in resolving the instant issue. There, the claimant's attorney missed the deadline to file a petition for EAJA fees and, some months later, filed a single motion seeking both a § 406(b) award and an EAJA award. *Allen*, 2012 WL 1596661, at *1. The court concluded, as did this Court with respect to Attorney de la Torre's motion for an extension of time to file an EAJA petition, that the attorney had "failed to demonstrate a basis for equitable tolling of the statutory deadline" with respect to the petition for EAJA fees, and thus, denied the attorney's request for EAJA fees. *Id.* at *3 (collecting cases); (*see* DE 25). In considering the attorney's award pursuant to § 406(b), the court determined that it was "unfair to make the plaintiff bear the burden" of her attorney's error in filing the petition for EAJA fees. *Allen*, 2012 WL 1596661, at *5 (citations and internal quotation marks omitted). Similarly, it would be unfair to make Hughes bear the burden of Attorney de la Torre's failure to timely file an EAJA petition. Therefore, even if the cases cited by the Commissioner are distinguishable, and the Court is not convinced that they are, the Court's decision to offset Attorney de la Torre's § 406(b) award is

supported by the Southern District of New York's decision in *Allen*.

Fourth, Attorney de la Torre claims that her requested § 406(b) award of $16,765.63 already accounts for a deduction of $6,000, representing an offset of what she may have recovered from a successful EAJA fee petition. This argument is undermined by the Commissioner's Notice of Award attached to Attorney de la Torre's motion for § 406(b) fees, which states that Attorney de la Torre may only seek $16,765.63 from the district court because the Commissioner already disbursed $6,000 to Attorney de la Torre. (DE 26-1 at 4). Indeed, the $6,000 "offset" appears to represent fees that Attorney de la Torre recovered for representing Hughes at the administrative level, not a portion of fees that Attorney de la Torre could have recovered in an EAJA petition. *See Culbertson*, 139 S. Ct. at 520 (stating that fee requests under § 406(a) are capped at 25 perecent of past-due benefits or $6,000). Furthermore, Attorney de la Torre requested an EAJA award of $8,267.22, and she does not explain why the purported self-imposed offset is limited to $6,000 instead of the full amount in her EAJA petition. Therefore, the Court rejects this argument.

Finally, Attorney de la Torre argues that even if she had timely filed a motion for EAJA fees, she may not have recovered the entire amount requested. An attorney cannot recover any EAJA fees if the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Similarly, an attorney does not recover any portion of an EAJA award that is subject to offset to satisfy a pre-existing debt that the claimant owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). Attorney de la Torre asserts that if the motion for EAJA fees had been fully litigated, the Court might have found the Commissioner's position was substantially justified resulting in no EAJA award. Alternatively, Attorney de la Torre argues if the Court granted her EAJA petition, the award may have offset a debt Hughes owed the government.

The first problem with Attorney de la Torre's argument is that she represented in her proposed EAJA petition that she "contacted the Treasury Offset Program and [had] been informed that Plaintiff does not owe any debt subject to offset." (DE 21-2 at 12).  Second, Attorney de la Torre may be correct that the Commissioner's position was substantially justified, but such speculation, without more, cannot ameliorate her failure to timely seek an EAJA award. *See Dixon v. Comm'r of Soc. Sec.*, No. CIV. 10-5703 RBK, 2013 WL 5299561, at *3 (D.N.J. Sept. 18, 2013) ("He may be correct in this assumption, but his assumption, without more, cannot justify his inaction.").  Accordingly, the Court will offset Attorney de la Torre's requested §406(b) award ($16,765.63) by the full amount she requested in her EAJA application ($8,267.22[7]), for a total § 406(b) award of $8,498.41.

## C. Conclusion

For the foregoing reasons, Attorney de la Torre's motion for authorization of fees under § 406(b) (DE 26) is GRANTED, except that the Commissioner is ORDERED to deduct $8,267.22 from Attorney de la Torre's requested award of $16,765.63, for a total award of $8,498.41.  The Commissioner is to release the remaining amount withheld from Hughes's past-due benefits ($8,267.22) to Hughes.

SO ORDERED.  Entered this 30th day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[7] The Court notes that the amount requested in the proposed EAJA petition, $8,267.22, includes $420.22 in costs. (DE 21-2 at 6).  The Commissioner argues that the Court should reduce the § 406(b) award by $420.22 unless Attorney de la Torre can verify that she paid the costs at issue and was not reimbursed for them. (DE 28 at 5). Attorney de la Torre did not address this argument in her reply brief.  "Failure to respond to an argument—as [Attorney de la Torre has] done here—results in waiver." *Bonte v. U.S. Bank*, *N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (citation omitted).